STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Plaintiff Rothschild Broadcast Distribution Systems, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,**<br>*Plaintiff,*<br>v.<br>**TALKDESK, INC.,**<br>*Defendant.* | CASE NO.: 3:20-cv-07356<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "Rothschild Broadcast Distribution Systems") files this complaint against Talkdesk, Inc. ("Talkdesk") for infringement of U.S. Patent No. 8,856,221 (hereinafter the "`221 Patent") and alleges as follows:

**PARTIES**

1. Plaintiff is a Texas limited liability company with an office at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

2. On information and belief, Defendant is a Delaware corporation, with a place of business at 535 Mission St., San Francisco, CA 94105. On information and belief, Defendant may be served through its agent, Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, DE 19901.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8. On October 7, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `221 Patent, entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" after the USPTO completed a full and fair examination. The '221 Patent is attached as Exhibit A.

9. Rothschild Broadcast Distribution Systems is currently the owner of the `221 Patent.

10. Rothschild Broadcast Distribution Systems possesses all rights of recovery under the `221 Patent, including the exclusive right to recover for past, present and future infringement.

11. The `221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

**COUNT ONE**
**(Infringement of United States Patent No. 8,856,221)**

12. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set forth herein.

13. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

14. Defendant has knowledge of its infringement of the `221 Patent, at least as of the service of the present complaint.

15. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 7, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

16. Accordingly, Defendant has infringed, and continues to infringe, the `221 Patent in violation of 35 U.S.C. § 271.

17. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the Talkdesk voicemail platform, and any similar products ("Product"), which infringes at least Claim 7 of the '221 Patent.

18. The Product practices a method of storing (e.g., cloud storage) media content (e.g., voicemail, etc.) and delivering requested media content to a consumer device. Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.




Source: https://support.talkdesk.com/

19. The Product necessarily includes a receiver configured to receive a request message including data indicating requested media content (e.g., the Product must have infrastructure to receive a request to store recorded media content or to stream recorded media content on a smartphone; additionally, the request message must contain data that identifies the content to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to access the contents of the Product). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.




Source: https://support.talkdesk.com/hc/en-us/articles/200880945-Voicemails

talkdesk

Enter your credentials to login

Email

amanda.lewis@talkdesk.com

Password Forgot password?

Login

OR

Login with Salesforce

Source: https://support.talkdesk.com/hc/en-us/articles/200496729-Logging-in-to-your-Talkdesk-Account

20. The Product necessarily determines whether the consumer device identifier corresponds to the registered consumer device (e.g., a user must be a registered user to access the

Product's services). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

talkdesk

Enter your credentials to login

Email

amanda.lewis@talkdesk.com

Password Forgot password?

Login

OR

Login with Salesforce

Source: https://support.talkdesk.com/hc/en-us/articles/200496729-Logging-in-to-your-Talkdesk-Account

21. The Product provides for both media downloads and/or storage, and media streaming. After a successful login, the Product necessarily determines whether the request received from a customer is a request for storage (e.g., recording or storing content) or content (e.g., streaming of media content). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

- **Play button [8]**: If you have permission, you can listen to the voicemail recording by pressing the "Play" button. A modal will then be displayed allowing you to listen to or download the recording.

Source: https://support.talkdesk.com/hc/en-us/articles/200880945-Voicemails

Talkdesk allows recording of inbound and outbound calls as well as voicemails.

We store these files on our secure infrastructure and provide access via a modal.

Source: https://www.talkdesk.com/cloud-contact-center/platform/hybrid-cloud/

22. The Product verifies that media content identified in the media data of the storage

request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage. The Product must verify that the media content (e.g. specific recording) identified in the media data of the storage request message is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage (e.g., the product must verify a user's ability to store voicemail is limited to a certain amount of time based upon their role type; thus media content may not be available for storage depending on whether the user has the necessary permissions). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

Source:

- **Play button [8]**: If you have permission, you can listen to the voicemail recording by pressing the "Play" button. A modal will then be displayed allowing you to listen to or download the recording.

Source: https://support.talkdesk.com/hc/en-us/articles/200880945-Voicemails

Users need to be authenticated and have the right permission (assigned via **Roles**) to play a call or voicemail recording in Talkdesk. If logged out, agents are required to log in prior to being able to play the recording.

https://support.talkdesk.com/hc/en-us/articles/204723569-Can-I-download-my-call-recordings-and-voicemails-

23. If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The Product will initiate delivery of the requested media content to the consumer device (e.g., stream media content feed to a smartphone or tablet etc.) if the request message is a content request message (e.g., request for live streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

- **Play button [8]**: If you have permission, you can listen to the voicemail recording by pressing the "Play" button. A modal will then be displayed allowing you to listen to or download the recording.

Source: https://support.talkdesk.com/hc/en-us/articles/200880945-Voicemails

24. The media data time data that indicates a length of time to store the requested media content (e.g. a user is allowed to store media content for a retention time period configured by the user as per their role). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

**Retention of Voicemail Recordings**

By default, voicemail recordings are deleted after 6 months. To learn how to configure their retention policy, please read the article Call and Voicemail Recording Retention Policy.

a retention time period configured by the user as per their role).

Source: https://support.talkdesk.com/hc/en-us/articles/210111566-Voicemail-Settings

25. The server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g. the product must verify that a particular requested data is stored in the cloud). Certain aspects of these elements are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

26. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., user's role). Certain aspects of these elements are illustrated in the screenshots below and/or those provided in connection with other allegations herein.




Source: https://support.talkdesk.com/hc/en-us/articles/200880945-Voicemails

Source:

> The permissions set here will be reflected not only on the **Calls** section, but also on Explore, namely on the **Calls Dashboard** and the **Calls Report**. In other words, this means that the users with access to this dashboard and/or report will be able to play call recordings according to the permissions set for the **Calls** section.

https://support.talkdesk.com/hc/en-us/articles/210267373-Call-Recording#:~:text=Permission%20to%20Access%20Call%20Recordings,-Once%20call%20recordings&text=follow%20these%20instructions%3A-,Log%20in%20to%20your%20Talkdesk%20account%20as%20an%20Administrator.,you%20would%20like%20to%20change.

27. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

28. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

29. The `221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

30. A copy of the ‘221 Patent, titled “System and Method for Storing Broadcast Content in a Cloud-based Computing Environment,” is attached hereto as Exhibit A.

31. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the `221 Patent, pursuant to 35 U.S.C. § 271.

32. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `221 Patent, without license or authorization.

33. As a result of Defendant’s infringement of the `221 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

34. Plaintiff is in compliance with 35 U.S.C. § 287.

35. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the `221 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

36. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 20, 2020

Respectfully submitted,

*/s/ Stephen M. Lobbin*

Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff Rothschild Broadcast Distributions Systems, LLC***